*EX PARTE* BROWN AND WIFE ET AL.

*EX PARTE* LAYNE.

GIBBES v. GREENVILLE AND COLUMBIA RAILROAD CO.

STATE, *EX RELATIONE* ATTORNEY-GENERAL, v. SAME.

1. Claims for damages sued against a corporation itself while in the hands of receivers and reduced to judgment, (in one case by consent of the officers of the corporation, who were also the receivers,) and afterwards presented and allowed as original claims against the receiver's fund, are not entitled, as against that fund, to interest, either from the date of the judgments or from the order giving to them the right of payment—such order not having fixed the amounts due.
2. The decision in *Ex parte Brown and Wife,* 15 *S. C.* 518, considered and declared.

---

Before FRASER, J., Richland, December, 1881.

At the hearing of this appeal, Hons. A. P. Aldrich and J. H. Hudson, Circuit judges, sat in the places of the Chief Justice and Mr. Justice McGowan, who had once been of counsel in the causes. This appeal is a sequel to the case to be found reported in 15 *S. C.,* at page 518. The opinion fully states the case.

*Mr. W. C. Benet,* for Brown and wife et al., appellants.

*Mr. J. E. Bacon*, for Layne, appellant.

*Mr. James Conner*, for respondents.

August 21st, 1882. The opinion of the court was delivered by
MR. JUSTICE HUDSON. In 1872 the Greenville and Colum-
bia Railroad Company was adjudged insolvent by the Circuit
Court of Richland; but its president and directors were author-
ized to continue in the management and control of the road,
subject, however, to the orders of the court. On an appeal
heretofore heard by this court, it has been held that the effect of
the orders of May and June, 1872, on circuit, was to make the
officers of said company receivers of the road, though not so
designated, *eo nomine*.* During the period when these orders
were in force, to wit, in 1874, the aforesaid petitioners, except
Mrs. Layne, received bodily injuries from an accident whilst
traveling as passengers on the cars of the said company. To
recover damages for these injuries, they instituted actions against
the company in the Court of Common Pleas for Anderson,
which, being transferred to Abbeville, judgments were there
recovered at a term held April 22d, 1878.

The action of Elizabeth J. Layne was instituted by her as
administratrix of the personal estate of her deceased husband,
to recover damages for his death, caused by the bursting of the
company's locomotive. Mr. Layne was an engine-driver in the
employment of the company. This action was brought to trial
at Newberry, September 15th, 1877, when, by way of com-
promise, the plaintiff was allowed to take judgment for $2,000,
of which sum $500 was to be paid in cash, and the balance in
monthly installments of $90. Such was the arrangement between
the plaintiff and the attorneys representing the company.

On November 23d, 1878, at a term of the Circuit Court held
for the county of Richland, at Columbia, Judge Pressley, on
due application, and for good cause shown, duly appointed James
Conner, Esq., receiver of the property of the said company, and,
by an appropriate order, conferred upon him the requisite powers,
duties and responsibilities pertaining to that office. Thus, the

*15 *S. C.* 304, 518.

*status* of the company became clearly defined, and creditors, in compliance with the order of the court, began to come forward and establish their claims before the master. Accordingly the petitioners came in, and, by special allegations in their respective petitions, claimed the right to establish their claims against the receiver, and to be paid out of the fund in his hand arising from current income, in preference of mortgagees and other existing lien creditors.

In March, 1880, it was referred to the master to inquire into and report upon the merits of these claims; and on May 17th, 1880, he reported against their right to priority. On July 26th, 1880, the Circuit Court, sustaining the master, decreed that the petitioners had no equity to a share of income in the hands of the receiver superior to the equities of mortgagees and other lien creditors. On appeal to this court, the decree of the Circuit Court was reversed, the higher equity of the petitioners sustained, and the causes were remanded to the Circuit Court for adjudication in accordance with the judgment of this court. *Ex parte Brown and Wife*, 15 *S. C.* 518.

On November 1st, 1881, the Circuit Court, in order to carry out the judgment of this court, referred it to the master to ascertain and report the amounts of the several demands of the petitioners. On a hearing before the master, under this order of reference, a contest arose as to the sums to be recovered in each case; and after hearing argument, he reported that the petitioners were each entitled to recover and to receive out of the fund in the hands of the receiver, the amount of the principal, interest and costs of the judgment recovered against the company in the several actions at law before they presented their petitions to be paid from the receiver's fund.

At this reference, as also at the previous one, the parties mutually agreed that they would not renew the controversy which was originally had before the court at Abbeville and Newberry, to wit, the right of the petitioners to recover damages, but would accept the amount found by the jury in each case as the correct assessment of the damages. The petitioners thereupon claimed that they should recover on said verdicts or judgments all interest and costs, whilst the receiver claimed

that the demand of each petitioner against the fund *in his hand* did not rest upon the judgment, but upon the original cause of action, and was, therefore, unliquidated, and could not be augmented by any interest or costs.

On exceptions to the master's report awarding to each claimant the full amount of his judgment, interest and costs, the Circuit judge reversed the same and sustained the proposition of the receiver.   The Circuit judge held that these claims are for unliquidated damages, and bear no interest; that they are not enforceable against the receiver's fund as judgments.   Against this fund (he continues) they never have been in judgment, and the judgments from Abbeville and Newberry were only used in evidence by consent as a convenient mode of ascertaining the amount of damages in each case, it being far less expensive, and just as reliable, as to have summoned the witnesses and had a trial *de novo*, which might have been insisted upon.   If these claims had been merged in the judgments, they would have lost that high equity on which alone they were entitled to be paid.   They cannot throw off their character as judgments in order to get a standing on the equity side of the court, and again resume it in order to recover interest.   Reasoning thus, the Circuit judge allowed to the petitioners the principal of their respective judgments and the costs thereon, but disallowed the interest.

From this judgment the petitioners appeal, and allege for error in the Circuit decree, that it holds that these judgments were not recovered against the receivers; that these claims are not enforceable in the Court of Equity as judgments; that they are for unliquidated damages, and do not bear interest.   In this judgment the Circuit judge is correct.   In the judgment of this court, in which the equitable character of these claims is established, no weight whatever is given to them because they were sued to judgment against the corporation; but, on the contrary, this court took occasion to say that those actions unnecessarily embarrassed and complicated the matter.   They were adjudicated solely upon the ground of the meritorious character of the original cause of action.   In fact, this court says, in that judgment: "These claims are pressed in this case, *not on account of*

*their rank as judgments,* but on account of the cause of action on which those judgments are based. It would have been more regular to have based the claims in the Court of Equity at once on these several causes of action. This, however, would have opened the cases anew, and led to a very long and expensive investigation." In the further consideration of the questions then before the court, these claims are treated, not as judgments, nor allowed as such, but are dealt with as unliquidated demands presented for proof before the Circuit Court sitting in equity, and, as such, were adjudged to have superior equities to be paid from the receiver's fund. That judgment expressly holds that these claimants, so far as they seek payment from the income of the road in the receiver's hand, cannot be treated as lien creditors.

Against the corporation they hold judgments, and these judgments, as liens, take their due rank with other judgments against the company. Against the receiver's fund, however, they come divested of their character as judgments, and rest solely upon the equities of the original cause of action. Counsel for the appellants are in error in supposing that the judgments recovered at Abbeville and Newberry are judgments against the receivers. Those actions have none of the forms of suits against receivers, but are, in every feature, actions at law against the company, and the judgments are entered up accordingly. There is naught in the actions, nor in the defenses, which impresses upon them any equitable character, nor special claim to priority. Not until these petitions were filed on the equity side of the court in Richland, were suits instituted against the receiver, and against the fund in his hand they have never been put in judgment, the amount to which they are respectively entitled being still a matter of contention. When that contention is ended, and the amount of each definitely fixed by final judgment, then, and not till then, will they bear interest.

Had they never brought suit against the company at Abbeville and Newberry, but delayed the presentation of their claims until 1879, when they were eventually, and in due form, presented against the receiver, with a special claim of payment out of the fund in his hands, it is evident that the only recovery

which could have been had would have been the amount of damages received from the injuries in 1874, without interest. Now, the recovery of judgments against the company does not alter the case, nor affect, in the slightest, the amount to which they are entitled out of the receiver's fund. In the subsequent suit against him, he could have treated each claim *res integra,* and demanded proof anew. This was dispensed with only as a convenient mode of saving expense and shortening litigation; and the parties went to trial upon the equities of the claims, and the question of priority, taking the findings of the juries as the basis of recovery, if recovery could be had.

From this view of the case, it is contended by the counsel for Elizabeth J. Layne, that her claim must be excepted, because the judgment in her behalf, at Newberry, was by special consent, and stipulated to be paid in certain installments. We do not regard this as altering the case. Notwithstanding this stipulation of counsel for the company, it stands, nevertheless, just as the others do—as a *judgment against the corporation.* In asking to be paid out of the receiver's fund prior to lien creditors, for damages resulting from the death of her husband, Mrs. Layne can take nothing from this *consent judgment* more than the other petitioners from their judgments recovered *against* consent. As claims upon the receiver's fund, in a court of equity, all stand upon the same footing, and are based, not upon judgments recovered against the corporation, but upon the high equities inhering in the original cause of action.

Upon the *quantum* of damages or question of interest, her counsel also insists that interest on the judgment should be allowed, at least from the date when this court decided that the petitioners are entitled to prior payment from the receiver's fund. But it must be borne in mind that, in that judgment, this court did not fix the *amount* of recovery, but only the *right of priority* to which claims of this character are entitled. Hence, that judgment does not give a day from which interest is to be computed, because it fixes no sum to be recovered. The controversy was as to the right to be paid out of income, and not as to the amount. That question was never raised and brought directly in issue until it was submitted to the master by the

order of the Circuit Court of date November 1st, 1881, referring it to him to ascertain and report the amount of each of these claims.

Wherefore, it is the judgment of this court that the judgment of the Circuit Court be affirmed, and the appeals in these cases dismissed.

MR. JUSTICE McIVER concurred.

MR. JUSTICE ALDRICH, *dubitante*. I am not so well satisfied with the conclusion reached by the court as expressed in the opinion of his Honor, Judge Hudson, and now proceed to give the reasons of my doubt.

The jurisdiction of law and equity are now blended in one court; therefore, in administering the law, we should be careful to preserve the equity of the case. Let me illustrate by taking the case of Mrs. Layne. So far as she is concerned, no damages can restore the slaughtered husband, or alleviate the mental agony of the bereaved wife. The verdict is not intended as compensation, but to afford the widow a scanty support for the loss she has sustained from the negligence of the company in whose service her husband lost his life, at the post of duty. The liability of the company was incurred when the accident happened. The extent of that liability was fixed when the jury assessed her damages. It does seem to me, in equity and good conscience, the verdict should bear interest.

We have said the railroad company is liable. Instead of paying these lawful debts at once to the injured parties, every obstruction that the courts afford has been thrown in the way. In the case of this bereaved widow, she has been compelled to maintain a protracted litigation, incurring long delay and heavy expense, thus diminishing the compensation for the grievous burden she has been compelled to bear, and thus adding suspense, anxiety and hope deferred to her sad fate. Now she is turned away on a technical construction without interest, the corporation having used the damages awarded to her in the prosecution of their business. It is true, the judgments were not recovered against the receiver, but against the corporation. The receiver

represented the corporation; and can there be a doubt, if the cases had been again submitted to a jury, they would have provided, in their verdict, against a loss of interest by increasing the damages? I think not. If no receiver had been appointed the verdicts would have borne interest. It is the same company, when the master made his report, that it was when the injuries were sustained.

It does seem to me like straining a point, because the verdicts were accepted as the amount of assessments of the damages instead of bringing a new suit against the receiver, the interest on the same shall not be computed. I do not see, clearly, how this is in derogation of the rights and equities of other creditors. These creditors are entitled to preference, if for no other reason, because of their diligence in pressing their claims to judgment. But, I suppose, I must yield to the weight of authority and the concurring opinion of the three able judges, who have considered the case as carefully as I have. I reluctantly concur and sign the judgment of the court, doubting.

Judgment affirmed.